# IN THE MATTER OF F. ALSINA & CO., S. EN C., ET AL.

IN MATTER OF AMENDMENT OF ANSWER OF NONCONSENTING PARTNER.

Bankruptcy—Amendment.

> 1. Bankruptcy proceedings are either at law or in equity, and the power of the court to allow proper amendments is inherent. This is part of the power to speed the proceedings.

Amendment—Substitution.

> 2. An amendment may be made by substituting a paper which reduces long and involved answers and affidavits into regular form. In such case, terms will not be imposed, but time to reply will be given.

Bankruptcy Law—Essence.

> 3. The substance of a proceeding must be looked to in bankruptcy, and not its form. The underlying principle of the law is to reach an issue as to bankruptcy, and afterwards to collect and distribute assets expeditiously.

Opinion filed January 13, 1914.

*Mr. José A. Poventud* for petitioning bankrupt.

*Mr. J. C. Seix* for Angela Ferrer et al.

HAMILTON, Judge, delivered the following opinion:

1. This cause comes on to be heard at this time upon the application of the nonconsenting special partner and Antonio Morales Lebrón *et al.*, liquidators of the partnership, for

In the Matter of F. Alsina & Co.

leave to file an amended answer on behalf of the nonconsenting partner, and to file an original answer on behalf of liquidators appointed July 31, 1913, by the partnership. Whether an amendment of a petition shall be granted is a matter of discretion, and General Order No. 11 as to amendments seems to refer particularly to petitions in voluntary cases. Nevertheless, bankruptcy proceedings are proceedings either at law or in equity, and, except where there is some statutory prohibition, the power of the court to allow amendments, as in this case to an answer, is inherent. Collier, Bankr. 6th ed. pages 240, 241, and 247. General Order No. 37 gives the court, if it did not possess it before, the power to make all orders that will speed the proceedings. The new equity rule 19 is to the same effect.

2. The nonconsenting partner was properly brought in, in this cause, and filed an answer on December 8, 1913, and at the same time opposition and objection were filed by the liquidators previously appointed by the firm. Now on January 13, 1914, the nonconsenting partner and the liquidators ask leave to file an answer which purports to reply to the petition, paragraph by paragraph. It is objected by the petitioner that if the new answer contains the same allegations it is unnecessary, and that if it contains new matter it should not be allowed at present, on the day set for the trial of the issues originally raised.

Upon examination of the two answers, it seems to the court that the amendment sought to be filed should be allowed, as it appears to reduce long and somewhat involved answers and affidavits into regular form. It does not seem to the court that terms should be imposed for allowing the amendment, but the

petitioner will be allowed further time, if desired, to amend his petition or otherwise more fully take issue. The petitioner will be allowed ten days for such further proceedings as he may deem proper.

3. The underlying principle of the bankruptcy law in all its phases of statute, rules, and orders, is to reach an issue upon the question of bankruptcy *vel non,* and afterwards to secure collection of assets and their distribution as expeditiously as possible. The essence of the proceeding is not its form, but its substance; and the court is satisfied that there is no error in the use of its discretion as herein.

The amendment is therefore allowed.